_____

# THE UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>v.<br><br>JOSE PAUL LOPEZ LOPEZ,<br><br>             Defendant. | MEMORANDUM DECISION AND ORDER GRANTING MOTION TO CONTINUE TRIAL AND EXCLUDING TIME UNDER THE SPEEDY TRIAL ACT<br><br>Case No. 4:21-cr-00053-DN-PK<br><br>District Judge David Nuffer<br>Magistrate Judge Paul Kohler |

Defendant's Stipulated Motion to Continue Jury Trial ("Motion")[1] supports the following findings:

1. Defendant first appeared before the court on May 21, 2021[2], and was arraigned on May 27, 2021[3]. His three-day jury trial was set for August 3, 2021, within the allowable period of the Speedy Trial Act.[4] On September 30, 2021, Defendant's trial was continued to January 18, 2022.[5] On January 4, 2022, Defendant's trial was again continued to April 26, 2022.[6]

2. Defendant has moved to continue trial for 60 days pursuant to 18 U.S.C. § 3161(h)(7) (ends of justice).[7] This is Defendant's second request for continuance of the trial in this matter.

---

[1] Docket no. 55, filed April 8, 2022.

[2] Minute Entry for Proceedings Held Before Magistrate Judge Paul Kohler, docket no. 9, filed May 21, 2021.

[3] Minute Entry for Proceedings Held Before Magistrate Judge Paul Kohler, docket no. 16, filed May 27, 2021.

[4] Due to the ongoing COVID-19 Pandemic, time between April 1, 2021, and January 31, 2022, was excluded by the District of Utah from the Speedy Trial Act time calculations. D. Ut. General Order 21-15.

[5] Minute Entry for Proceedings Held Before Magistrate Judge Paul Kohler, docket no. 28, filed September 30, 2021.

[6] Memorandum Decision and Order Granting Motion to Continue Trial and Excluding Time Under the Speedy Trial Act, docket no. 43, filed January 4, 2022.

[7] Motion at 1.

3. The facts which support the request include the following: The defense is still in the process of receiving discovery. Plea negotiations are still ongoing between defense and the government.[8] Counsel for Defendant indicates that 60 days will likely be enough to finalize plea negotiations.

4. Defendant is in custody and agrees with this continuance.[9]

5. Government counsel, Angela Marie Reddish-Day, was contacted and does not object to a continuance.[10]

6. There is one other codefendant in the case, who has pled guilty.[11] Codefendant has not filed a motion for severance.

## DISCUSSION

An "ends of justice" exclusion of time under the Speedy Trial Act is disfavored and "was meant to be a rarely used tool for those cases demanding more flexible treatment."[12]

Failure to grant the requested continue, however, would result in a miscarriage of justice and would deny counsel for the government and Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. Defense is still in the process of preparing for trial and receiving discovery. Additionally, plea negotiations are still continuing between the defense and the government, and a grant of this continuance will allow

---

[8] *Id*. at 4.

[9] *Id*.

[10] *Id*.

[11] Minute Entry for Proceedings Held Before Magistrate Judge Paul Kohler, docket no. 36, filed December 9, 2021.

[12] United States v. Toombs, 574 F.3d 1262, 1269 (10th Cir. 2009).

these negotiations to continue and the matter to potentially resolve prior to trial. Therefore, the ends of justice served by this continuance outweigh the best interests of the public and Defendant in a speedy trial. The time from the filing of this motion to the new trial date will be excluded from Defendant's speedy trial computation. The continuance is not based on lack of diligent preparation on the part of the attorney for the United States or the defense, or failure on the part of the attorney for the United States to obtain available witnesses.

Accordingly, the court finds that there are facts that support a continuance of the trial date in this matter, and good cause for a finding of excludable time pursuant to the Speedy Trial Act, 18 U.S.C. § 3161.

## ORDER

THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:

1. The Motion[13] is GRANTED. Trial is continued to June 8, 2022.

2. The time period between the filing of the Motion and June 8, 2022, inclusive, is excluded in computing the time within which the trial must commence, pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(iv).

DATED this 12th day of April, 2022.

BY THE COURT:

_____
David Nuffer
United States District Judge

---

[13] Docket no. 55, filed April 8, 2022.